UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERSANNUITY FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, and THE NEW YORK CITY AND VICINITY
CARPENTERS LABOR MANAGEMENT COOPERATION
FUND, by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES, AND MICHAEL J. FORDE, AS EXECUTIVE
SECRETARY-TREASURER, DISTRICT COUNCIL FOR THE
NEW YORK CITY AND VICINITY, UNITED BROTHERHOOD
OF CARPENTERS AND JOINERS OF AMERICA,

08 CV_____

**COMPLAINT**

Plaintiffs,

-against-

EXTERIOR ERECTING SYSTEMS, INC.,

Defendant.

------------------------------------------------------------------------X

Plaintiffs, (hereinafter also referred to as "Benefit Funds"), by their attorneys O'Dwyer &
Bernstien, LLP, for their Complaint allege as follows:

## NATURE OF THE CASE

1.     This is an action to confirm and enforce an Arbitrator's Award rendered pursuant

to a collective bargaining agreement ("Agreement") between The District Council of New York

City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and

Exterior Erecting Systems, Inc. ("Employer").

**JURISDICTION**

2.      This Court has subject matter jurisdiction over this proceeding pursuant to section

301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections

502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"),

29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and

section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3.      Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C.

§1132(e)(2).

**VENUE**

4.      Venue is proper in this district in that Plaintiffs' offices are located in this district.

**PARTIES**

5.      At all times relevant herein the Plaintiffs were jointly administered, multi-

employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by

employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C.

§186(c)(5).  Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning

of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6.      The Benefit Funds are employee benefit plans within the meaning of sections 3(1)

and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing

health, medical and related welfare benefits, pension and other benefits to eligible participants

and beneficiaries on whose behalf they receive contributions from numerous employers pursuant

to collective bargaining agreements between the employers and the Union.

7.      Upon information and belief defendant Exterior Erecting Systems, Inc. is a

foreign corporation incorporated under laws of the State of New Jersey with a principal place of

business located at 2092 Route 130, Burlington, NJ 08106.

2

8.    The defendant is an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. §1002 (5).

## FIRST CLAIM FOR RELIEF

9.    Defendant, Exterior Erecting Systems, Inc., was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective July 1, 2001.  Said Agreement provides, inter alia, that the defendant shall make monetary contributions to the Benefit Funds on the behalf of covered employees, and for the submission of disputes to final, binding arbitration.

10.    A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with obligations under the Agreement to make contributions for employees in the bargaining unit.

11.    Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Robert Herzog, the duly designated impartial arbitrator.

12.    Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated January 15, 2008 determining said dispute.  Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "A" and made part hereof).

13.    The arbitrator found that Exterior Erecting Systems, Inc. had failed to make contributions due to the Benefit Funds for the period July 1, 2001 through March 30, 2004, in the principal amount of $33,391.72.

14.    The arbitrator also found that Exterior Erecting Systems, Inc. was required to pay interest on the principal amount due at the rate of 10% per annum from the date of the award.

15.    The defendant, Exterior Erecting Systems, Inc. has failed to abide by the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1.     For an order confirming the arbitration award in all respects;

2.     For entry of judgment in favor of the Plaintiffs and against Exterior Erecting Systems, Inc. in the principal amount of $33,391.72, plus 10% interest per year from the date of the award to the date of entry of judgment;

3.     For attorneys' fees and costs of this action;

4.     For such other and further relief as this court may deem just and proper.


Dated:  New York, New York
        January 31, 2008

ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

# EXHIBIT A

*ORIGINAL*

## OFFICE OF THE IMPARTIAL ARBITRATOR

------------------------------------------X

In The Matter Of The Arbitration

      between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,
New York City District Council of Carpenters
Annuity Fund, New York City District Council
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund and The New York
City and Vicinity Carpenters Labor-Management
Corporation, by Michael J. Forde and Paul
O'Brien, as Trustees

          And

Michael J. Forde, as Executive Secretary-
Treasurer, District Council for New York City
and Vicinity, United Brotherhood of Carpenters
and Joiners of America

              (Petitioners)

   -and-

EXTERIOR ERECTING SYSTEMS INC.
              (Employer)

**DEFAULT**

**AWARD**

------------------------------------------X

BEFORE:  Robert Herzog, Esq.

EXTERIOR ERECTING SYSTEMS INC. (hereinafter referred to as the "Employer") and the United Brotherhood of Carpenters and Joiners of America are parties to Collective Bargaining Agreements, dated 1997 and thereafter, providing for arbitration of disputes before the undersigned Arbitrator as Impartial Arbitrator, and in which the Employer has therein agreed, for the duration of the Agreements, to pay contributions toward employee benefit funds (hereinafter

1

collectively referred to as the "Funds").  The Petitioners, as beneficiaries of the Collective Bargaining Agreements, have standing before the Arbitrator.  In accordance therewith, the Petitioners, by a November 16, 2007 Notice of Intention to Arbitrate, demanded arbitration.  The Petitioners alleged the Employer failed to make sufficient benefit contributions to the Funds for the period of July 1, 2001 through March 30, 2004 as required by the Collective Bargaining Agreements.

A Notice of Hearing dated November 21, 2007 advised the Employer and the Petitioners that the arbitration hearing was scheduled for December 10, 2007.  The Notice of Hearing was sent to the Employer by regular and certified mail.  A United States Postal Service Certified Mail Return Receipt evidences delivery of the Notice of Hearing to the Employer.


On December 10, 2007, at the place and time designated by the November 21, 2007 Notice of Hearing, Steven Kasarda, Esq. appeared on behalf of the Petitioners.  Despite the Employer having been sent notice of the proceeding and the claim against it, no appearance on its behalf was made.  Also, no written, mutually agreed upon waiver by the parties to adjourn the proceeding, as required by the Collective Bargaining Agreements, was presented.  The arbitration proceeded as a Default Hearing.  Full opportunity was afforded the parties present to be heard, to offer evidence, and to examine

2

witnesses.  The Petitioners thereupon presented their proofs to the Arbitrator.

The uncontroverted testimony and evidence established that:

- During the July 1, 2001 through March 30, 2004 period, the Employer was bound to Collective Bargaining Agreements with the United Brotherhood of Carpenters and Joiners of America.

- The Collective Bargaining Agreements obligated the Employer to make certain payments to Fringe Benefit Trust Funds on behalf of all its carpenter employees pursuant to schedules set forth in the Agreements.

- The Collective Bargaining Agreements authorized the Funds to conduct audits of the Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds.

- In accordance with this auditing provision, an accountant, employed by the Funds, and with the consent of the Employer, performed audits of the Employer's books and records.

The testimony of the Funds' auditor, Mr. Omar Giordani, established that the audit of the Employer's books and records uncovered delinquencies in the amount of contributions due the Funds during the period of July 1, 2001 through March 30, 2004.  The testimony further revealed that a copy of the Audit Summary Report had been forwarded to the Employer.  Thereafter, the Funds demanded

payment by the Employer.  When the Employer failed to comply with the payment demand, the Notice of Intent to Arbitrate issued.

Auditor Giordani's testimony set forth the accounting method employed during the course of the audit and the computation of the amount of each alleged delinquency.  The total amount of the delinquency for the July 1, 2001 through March 30, 2004 period was fourteen thousand five hundred forty-two dollars and one cent ($14,542.01).  The Petitioners requested an award for contributions owed, interest, liquidated damages, late payment interest, promotional fund assessment, audit and counsel fees, arbitration and court costs as provided for by the Collective Bargaining Agreements. Testimony computing these amounts was received into evidence.

## AWARD

Based upon the substantial and credible evidence of the case as a whole:

1. EXTERIOR ERECTING SYSTEMS INC. is delinquent in its Fringe Benefit payments due and owing to the Funds under the terms of the Collective Bargaining Agreements;

2. EXTERIOR ERECTING SYSTEMS INC. shall pay to the Funds forthwith the said delinquency amount, interest on said delinquency amount, liquidated damages, late payment interest, promotional fund assessment, the Funds' audit and counsel's fees, the undersigned Arbitrator's fee, and all associated court costs in the following amounts:

4

| | |
|---|---:|
| Principal Due | $ 14,542.01 |
| Interest Due | 7,190.98 |
| Liquidated Damages | 6,487.88 |
| Late Payment Interest | 1,260.95 |
| Promotional Fund | 109.90 |
| Court Costs | 350.00 |
| Audit Costs | 1,450.00 |
| Attorney's Fee | 1,500.00 |
| Arbitrator's Fee | 500.00 |
| TOTAL | $ 33,391.72 |

3. EXTERIOR ERECTING SYSTEMS INC. shall pay to the District

Council Carpenters Benefit Funds the aggregate amount of

thirty-three thousand three hundred ninety-one dollars and

seventy-two cents ($33,391.72) with interest to accrue at the

rate of 10% from the date of this Award.


Robert Herzog
Arbitrator

Dated: January 15, 2008


State of New York  )
County of Rockland )


    I, Robert Herzog, do hereby affirm upon my oath as Arbitrator
that I am the individual described in and who executed this
instrument, which is my Award.

Robert Herzog
Arbitrator

Dated: January 15, 2008

To:  EXTERIOR ERECTING SYSTEMS INC.
     Attn: Robert Dunlap, President
     2092 Route 130
     Burlington, New Jersey 08016

     Steven Kasarda, Esq.
     New York City District Council Carpenters Benefit Funds
     395 Hudson Street
     New York, New York 10014